# PRISCILLA C. DICKMAN *v.* COMMISSIONER OF CORRECTION
## (AC 34574)

Beach, Sheldon and Pellegrino, Js.

Argued April 16—officially released July 2, 2013

*Norman A. Pattis*, for the appellant (petitioner).

*Rocco A. Chiarenza*, assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *Marcia A. Pillsbury*, deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

SHELDON, J. In this case, the petitioner, Priscilla Dickman, appeals from the judgment of the habeas court denying her petition for a writ of habeas corpus challenging her conviction for forgery in the third degree on the ground of actual innocence. Before the habeas court, the petitioner based her claim of actual innocence upon allegations and proof that the state did not learn of her commission of forgery in the third degree, and thus could not have convicted her of that offense, without conducting an unwarranted, unconsented to search of her computer files at the University of Connecticut Health Center (health center), in violation of the state's own procedures for accessing such files, in violation of her right against unreasonable searches and seizures under the fourth and fourteenth amendments to the United States constitution. She asserts that a claim of actual innocence may properly be based upon such allegations and proof because she neither knew of nor reasonably could have discovered the challenged search before the conclusion of her criminal trial and the subsequent appeal from the resulting conviction.

The respondent, the Commissioner of Correction, opposed the petitioner's claim on two basic grounds. First, he argued that the petitioner could not establish her actual innocence based upon proof that the evidence against her was acquired by unconstitutional means because such proof fails to demonstrate that she did not, in fact, commit the underlying criminal offense.

Second, he claims that even if a claim of actual innocence could properly be based upon proof of a fourth and fourteenth amendment violation, the petitioner has not established such a violation here because she had not proved that she has an actual and justifiable expectation of privacy in the files she stored as a state employee on her work computer.

At the end of a four day trial on the petitioner's claim, after receiving briefs and hearing arguments from counsel, the habeas court issued a memorandum of decision denying the petition on two grounds. First, it agreed with the respondent that the petitioner had not established that the state's search of files she had stored on her work computer violated her fourth and fourteenth amendment right against unreasonable searches and seizures because she could not prove that she had an actual and justifiable expectation of privacy in the contents of her work computer. Second, the court concluded that the petitioner had failed to establish that she was actually innocent of the crime of forgery in the third degree because, in fact, she had admitted committing that offense both in the habeas proceeding and at her criminal trial, and her unconstitutional search and seizure claim did not cast doubt on these admissions. The habeas court granted the petitioner's petition for certification to appeal to this court.

On appeal, the petitioner claims that the habeas court erred both in its ruling on the merits of the search and seizure claim and in its conclusion that such a claim cannot serve as a viable basis for a claim of actual innocence. The respondent opposes both aspects of the petitioner's claim, insisting principally, as he did at trial, that a claim of actual innocence cannot be predicated upon proof of a fourth amendment violation. The respondent thus urges this court to affirm the habeas court's rejection of the petitioner's actual innocence claim without reaching or deciding the merits of her

constitutional challenge to the search of her work computer. For the following reasons, we agree with the respondent, and thus affirm the judgment of the habeas court because the petitioner's challenge to the search of her work computer cannot establish her claim of actual innocence as a matter of law.

In reviewing the habeas court's denial of a petition for a writ of habeas corpus on the ground of legal error in its analysis of the issues presented to it, our review is plenary. *Gould* v. *Commissioner of Correction*, 301 Conn. 544, 557, 22 A.3d 1196 (2011). In this case, our plenary review of the habeas court's legal analysis of the cognizability of the petitioner's actual innocence claim must be conducted against the background of the following factual and procedural history.

The petitioner was arrested and brought to trial before a jury on a substitute information charging her with two counts of forgery in the third degree and one count of attempt to commit larceny in the third degree. She was convicted of one count of forgery in the third degree and a sentence was imposed.

The facts underlying the petitioner's conviction, as summarized by the habeas court, were as follows. "[The] petitioner's husband was appointed conservator of the estate and person of his brother. His brother was injured when struck by a motor vehicle in California. As a consequence of the injury, a claim was filed with the Allstate Insurance Company [Allstate], the insurer of the driver. On June 28, 2004, [the] petitioner contacted Allstate concerning the claim. Before discussing the matter with [the] petitioner, Allstate required proof of her authority to speak on behalf of her brother-in-law. [The] petitioner had no such authority. Such authority could consist of a document from the Probate Court. On July 8, 2004, [the] petitioner was, again, unable to speak to [a] representative of Allstate because

of a lack [of] authority to do so. On the same day, [the] petitioner sent to Allstate a facsimile of a probate form which she altered by adding her name to that of her husband in the box entitled 'fiduciary.' She also altered the box indicating the position of trust from conservator to conservators. She also sent a letter of authorization to Allstate which contained false information.

"[The petitioner's] conviction was upheld on appeal. *State* v. *Dickman*, [119 Conn. App. 581, 989 A.2d 613, cert. denied, 295 Conn. 923, 991 A.2d 569 (2010)].

"There is little doubt that [the] petitioner's conviction was based upon the alteration of the probate document. At the trial, [the] petitioner's attorney conceded that [the] petitioner had altered the document. The elements of forgery in the third degree, [General Statutes] § 53a-140, as applicable here are: 'A person is guilty of forgery in the third degree when, with intent to . . . deceive . . . another he falsely makes, completes or alters a written instrument. . . .'

"At the habeas trial, on cross-examination, [the] petitioner admitted altering the [probate] document.

"After her conviction, [the petitioner] filed a freedom of information request for documents from the [health center]. From these documents, [the] petitioner discovered certain information which led her to pursue the present claim of actual innocence. This information may be briefly summarized as follows.

"In 2005, [the] petitioner was an employee of the [health center]. She was at the time suspected by her supervisors of workers' compensation fraud and using her work computer for the conduct of private business. As a result of the suspicions, numerous documents were retrieved from her computer files at the health center. These documents were delivered to the chief state's attorney's office. An investigator in the chief state's

attorney's office responsible for workers' compensation fraud reviewed the documents. His review of the documents, after contact with Allstate, resulted in a discovery of the falsified probate documents and the subsequent arrest and conviction of [the] petitioner for . . . forgery in the third degree."

After learning for the first time that the state had discovered her alteration of documents by examining the files in her work computer, the petitioner commenced this action challenging her forgery conviction on two grounds: actual innocence and ineffective assistance of counsel. The case was prosecuted to judgment only on her claim of actual innocence, for she withdrew her ineffective assistance claim after refusing to waive her attorney client privilege when the respondent attempted to present her attorney's testimony at trial.

With respect to her claim of actual innocence, the petitioner claimed, to reiterate, that in retrieving the documents from her work computer, the state violated her fourth and fourteenth amendment rights by breaching her reasonable expectation of privacy in her computer files, and that but for the breach, she would never have been prosecuted for forgery in the third degree. The petitioner supported that claim by adducing evidence as to the existence of a published health center policy that stated that information stored on computers is afforded the same level of confidentiality as paper documents stored in conventional files. The policy further stated that the content of user files would not be disclosed without the user's permission except when required by federal or state law, or when required by a criminal investigation. When no criminal investigation was involved, the policy provided that access to password protected files could be granted for mission related information and where there was a credible allegation or actual evidence of a violation of health center or university policy. A procedure was established

for obtaining access to the electronic fields under these circumstances. The procedure required that the investigation be initiated by a supervisor using an application form. The policy required that all such application forms should be submitted to the computer security assurance team (team) for consideration. The team consisted of voting members from various agencies within the health center. The report of the team would then be submitted to the health center's executive vice president for a final decision.

The habeas court determined from the evidence presented that the search and seizure of the petitioner's work computer was not conducted in strict conformity with the requirements of the health center's policy, because although it was approved by the executive vice president upon a request by the vice president of human resources, based upon evidence that the petitioner was involved in workers' compensation fraud, it was never presented to or approved by the team. Even so, the habeas court concluded that the petitioner had no reasonable expectation of privacy in the contents of her work computer in the circumstances here presented, because the policy clearly informed her and all health center employees that their files were subject to retrieval and examination in the event of allegations that could give rise to a criminal investigation.

Upon disposing of the petitioner's search and seizure claim on the merits, the habeas court went on to observe that even if such a claim were established, it would not entitle the petitioner to release on a writ of habeas corpus on the ground of actual innocence. "Actual innocence," it correctly observed, "is demonstrated by affirmative proof that the petitioner did not commit the crime. *Bousley* v. *United States*, [523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)]. Under *Miller* v. *Commissioner of Correction*, [242 Conn. 745, 791–92, 700 A.2d 1108 (1997)], [the] petitioner must prove that

she is actually innocent of the crime of forgery in the [third] degree. . . . In this case, [the] petitioner does not dispute the fact that she committed the acts which constitute the elements of the crime for which she was convicted. Her claim is that the crime was discovered by improper means." Under these circumstances, which did not undermine or contradict the respondent's claim that she was factually guilty as charged, the habeas court concluded that a writ of habeas corpus could not be issued on the ground of actual innocence.

Although the habeas court engaged in a substantive analysis of the merits of the petitioner's search and seizure claim before observing that no such claim can serve as a basis for proving actual innocence, we agree with the respondent that no such analysis is necessary for the disposition of this appeal. Accordingly, we will confine our discussion to the legal requirements of an actual innocence claim, which the petitioner has failed to satisfy on the record before us.

As the respondent has correctly argued in his appellate brief, our Supreme Court has "unequivocally and unmistakably set forth a two part test for obtaining habeas relief on the basis of a freestanding claim of actual innocence . . . . First, taking into account both the evidence produced in the original criminal trial and the evidence produced in the habeas hearing, the petitioner must persuade the habeas court by clear and convincing evidence, as that standard is properly understood and applied in the context of such a claim, that the petitioner is actually innocent of the crime of which [s]he stands convicted. Second, the petitioner must establish that, after considering all of that evidence and the inferences drawn therefrom, as the habeas court did, no reasonable fact finder would find the petitioner guilty." (Internal quotation marks omitted.) *Gould* v. *Commissioner of Correction*, supra, 301 Conn. 557–58. The clear and convincing burden is "extraordinarily

high" and requires the petitioner to make a "truly persuasive [demonstration] of actual innocence . . . one in which the petitioner must unquestionably establish [her] innocence." (Citation omitted; internal quotation marks omitted.) Id., 560.

"Actual innocence, also referred to as factual innocence . . . is different than legal innocence. [Unlike legal innocence] [a]ctual innocence is not demonstrated merely by showing that there was insufficient evidence to prove guilt beyond a reasonable doubt . . . . Rather, actual innocence is demonstrated by affirmative proof that the petitioner *did not commit the crime.*" (Citations omitted; emphasis added.) Id., 560–61. "Affirmative proof of actual innocence is that which might tend to establish that the petitioner *could not* have committed the crime even though it is unknown who committed the crime, that a *third party* committed the crime or that *no* crime actually occurred." (Emphasis in original.) Id., 563. "To disturb a long settled and properly obtained judgment of conviction, and thus put the state to the task of reproving its case many years later, the [petitioner] must affirmatively demonstrate that [he or she is] *in fact* innocent." (Emphasis in original.) Id., 567.

In light of that standard, the respondent rightly insists that we examine the evidence before the trial court and the habeas court to determine if the petitioner has presented any proof that she is factually innocent, and, if so, whether such proof establishes her factual innocence by clear and convincing evidence. Here, the petitioner not only presented no such evidence in either proceeding, but actually admitted in both proceedings that she engaged in the conduct upon which her conviction was based. Because she does not claim that she did not, in fact, commit the crime for which was convicted, her contention that the evidence upon which her conviction was based was obtained in violation of

her constitutional rights is of no moment and thus cannot, as a matter of law, support a claim of actual innocence.

The judgment is affirmed.

In this opinion the other judges concurred.